988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Rafael BEAN, Sr., Plaintiff-Appellant,
v.
Rick RIMMER, Defendant-Appellee.
 No. 92-16106.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the Eastern District of California; No. CV-89-00315-WBS, William B. Shubb, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Bean filed this civil rights action under 42 U.S.C. § 1983 alleging that Rick Rimmer, his parole agent, had violated his constitutional rights. Bean sought $100,000 money damages for emotional distress and injunctive relief to prevent Rimmer from ever being assigned as his parole agent again. Bean appeals from the district court's order granting summary judgment for Rimmer. We review a grant of summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992).
 
 
 3
 In order to state a claim under § 1983, a plaintiff must allege that (1) the conduct complained of was committed by a person acting under color of state law, and (2) the defendant's conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). At minimum, § 1983 requires that there be a causal connection or link between the acts or omissions of the defendant and the deprivation alleged to have been suffered by the plaintiff. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).
 
 
 4
 Although Bean's pleadings are replete with allegations of harm suffered by others as a result of Rimmer's acts, no co-plaintiff was ever properly added to the action and no amended complaint was ever filed. Thus the only claims before the court for consideration were those involving Bean alone. As best as we can discern from Bean's unintelligible briefs and the pleadings filed in the district court, Bean alleges that Rimmer violated unspecified constitutional rights by (1) pressuring other parolees to inform on Bean's whereabouts after Bean had violated his parole, (2) relying on the "lies" of these informants in securing Bean's arrest, and (3) lying at Bean's parole revocation hearing, which resulted in a 12-month sentence without eligibility for work/conduct credits.
 
 
 5
 To the extent that Bean claims any improprieties relating to the parole revocation itself, Rimmer is absolutely immune from § 1983 liability. See Anderson v. Boyd, 714 F.2d 906, 908-09 (9th Cir.1983). Rimmer's only other involvement in the events leading up to the revocation of Bean's parole was his furnishing of a photograph of Bean at the request of Sacramento County Narcotics Task Force officers, who had developed information from an independent source that Bean was selling narcotics from a Sacramento residence, and his presence at the execution of a valid search warrant for that residence which resulted in the seizure of drugs and the arrest of Bean's girlfriend.
 
 
 6
 Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment should be entered upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In attempting to establish that a genuine issue as to any material fact does exist, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits and/or admissible discovery material in support of its contention that a dispute exists. Fed.R.Civ.P. 56(e). All reasonable inferences must be drawn in favor of the opposing party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), but the opposing party must produce a factual predicate from which these inferences may be drawn, see Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir.1987).
 
 
 7
 Bean offered absolutely no evidence to support his claims. The United States Magistrate Judge to whom the matter was referred gave Bean every opportunity to state the basis of his claim and repeatedly advised Bean of the need for relevant evidence on which to base an opposition to Rimmer's motion for summary judgment. Bean submitted no such evidence, but rather stated that "the court has chose [sic] to side with the Attorney General on this case and the plaintiff chooses to not waste his time with them and looks forward to the higher reviewing of the whole case." C.R. 60 at 2. The day that Bean so eagerly awaited has arrived. Because Bean failed to offer any relevant evidence that Rimmer violated any of Bean's constitutional rights, the district court's order granting summary judgment for Rimmer is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3